IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REO Investments, LLC, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF EUCLID<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY, EQUITABLE, AND OTHER RELIEF** |

Now comes Plaintiff REO Investments, LLC by and through Counsel for itself and on behalf of all other persons, entities, and/or organizations[1] similarly situated, and for the complaint against Defendant City of Euclid states:

## INTRODUCTION

This is a 42 U.S.C. Section 1983 and equitable action against the City of Euclid: (1) to declare unconstitutional its ordinance and practice thereunder of entering private property without a warrant for point of sale or rental inspections under threat of criminal prosecution; and (2) to recover the fees collected from Plaintiff and the class members in connection with those warrantless, unconstitutional entries.

## PARTIES

1. Plaintiff is an entity and resident of Chesterland, Ohio.

2. Defendant City of Euclid, Ohio is a body politic located in the Northern District of Ohio, Eastern Division.

---

[1] Hereinafter, the terms "person(s)" and "putative class" member(s) shall mean and include all natural persons, entities, and/or organizations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. Section 1331 because this case involves a federal question including claims under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under 28 U.S.C. Section 1343 for deprivations of rights, privileges or immunities secured by the United States Constitution and under 42 U.S.C. Section 1983 for a violation of Constitutional rights by Defendant's actions taken under color of law.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because Defendant is situated within this district and the conduct complained of and the claims alleged arose in this district.

## BACKGROUND FACTS

5. Plaintiff is a property owner in the City of Euclid.

6. The City of Euclid ordinances provide for warrantless entry of private property under threat of criminal prosecution.

7. These entries are inspections which Defendant required be conducted prior to the sale (pre-sale inspection) or rental of a property (pre-rental inspection) or the renewal of a rental license (pre-renewal inspection).

8. On or about August, 14, 2014, Defendant's agents entered Plaintiff's property at 1870 Ball Avenue, Euclid, OH, 44132.

9. At the time Defendant had no probable cause and no lawful basis to believe that there was any risk to public health and safety in the property.

10. Further, Defendant required Plaintiff to pay an "inspection fee" of $100.00 in connection with the entry, which is set by the city ordinances.

11. On multiple occasions prior to and after this inspection, Defendant entered numerous other properties Plaintiff owned and/or rented.

12. Likewise, Defendant has conducted these compelled inspections of putative class members' properties and required every putative class member to pay this fee for every inspection.

13. The ordinances state that no person can sell or rent his or her property without first enduring a warrantless government search of the entire property.

14. The pre-sale inspection requirements are codified in the Euclid Code of Ordinances, which state, in part, "it shall be unlawful for the owner of any dwelling structure to enter into an agreement to sell or otherwise convey a dwelling structure without first obtaining from the Housing Department a Certification of Inspection of such dwelling structure…"[2] (pre-sale inspections).

15. Additionally, the pre-rental inspection requirements are codified in the ordinances, which state, in part, "it shall be unlawful for the owner… of any dwelling structure used… or intended to be used as a multiple dwelling or a single or two-family dwelling structure… to rent or lease such structure or any part thereof for residential occupancy… unless the owner thereof holds a Certificate of Occupancy…"[3] (pre-rental inspections).

---

[2] See City of Euclid Code of Ordinances, Certification of Inspection, at §1759.01 et seq. Available online at *http://library.amlegal.com/nxt/gateway.dll/Ohio/euclid_oh/codifiedordinancesofthecityofeuclidohio?f=templates$fn =default.htm$3.0$vid=amlegal:euclid_oh*. Last checked March 16, 2018.
[3] See *Id.*, at § 1761.01 et seq.

16. Moreover, the ordinances require pre-rental inspections prior to an owner obtaining a Rental License.[4] (pre-renewal inspections).

17. If a property owner violates Defendant's pre-sale, pre-rental, or pre-renewal inspection requirements, the penalty is criminal prosecution.

18. Specifically, Section 1703.99 states that, "for general Code penalty if no specific penalty is provided…, whoever violates or fails to comply with any of the provisions of this Building and Housing Code…is guilty of a misdemeanor of the first degree and shall be fined not more than one thousand dollars ($1,000) or imprisoned not more than six months, or both, for each offense."

19. The rental, lease, or sale of a home or the renewal of a rental license is derailed unless a warrantless inspection is conducted prior to property owners being able to rent, lease, or sell their property or renew a rental license, since neither the would-be tenants nor prospective buyers can occupy the property absent a Certificate of Inspection, Occupancy Permit, or Rental License, all of which require the inspection.

20. By threat of criminal prosecution, Defendant is compelling property owners like Plaintiff and the putative class members to submit to warrantless inspections and to pay concomitant fees.

21. This is the exact scheme that the United States Supreme Court and Ohio courts have consistently found to violate the law. *Camara v. Mun. Court of City and County of San Francisco*, 387 U.S. 523 (1967); *Wilson v. City of Cincinnati*, 346 N.E.2d 666 (Ohio 1976); *Baker v. City of Portsmouth*, 2015 WL 5822659 (S.D. Ohio 2015); *Thompson v. City of Oakwood, Ohio*, 2018 WL 776375 (S.D. Ohio 2018).

## CLASS ALLEGATIONS

---

[4] *Id.* at § 1761.05 et seq.

22. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

23. Plaintiff brings this action on behalf of herself and on behalf of a proposed class (hereinafter "Plaintiff" or "putative class members", respectively) consisting of:

> All persons, entities, and/or organizations which have paid pre-sale, pre-rental, or pre-renewal inspection fees to the City of Euclid since June 11, 2012.

24. This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

25. The injuries and damages to these putative class members present questions of law and fact that are common to each putative class member, and that are common to the entire class as a whole.

26. Defendant has engaged in the same conduct regarding all of the other members of the class asserted in this suit. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

27. The claims, defenses, and injuries of the representative plaintiff are typical of the claims, defenses, and injuries of the entire class, and the claims, defenses, and injuries of each putative class member are typical of those of the entire class.

28. Representative Plaintiff will fully and adequately protect and represent the entire class, and all of its putative class members.

29. The identity of all members of this class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery from Defendant and others.

30. The prosecution of separate actions by each putative class member would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the class that would establish incompatible standards of conduct for Defendant.

31. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class which, as a practical matter, would be dispositive of the interest of other members not parties to that adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## COUNT I
### Declaratory Judgment
### (28 USC §2201)

32. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

33. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning Plaintiff's and the putative class members' rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time.

34. A state actor is liable under 42 USC § 1983 if it took "action pursuant to official policy of some nature [that] caused a constitutional tort."

35. A state actor cannot constitutionally condition the receipt of a benefit, such as a sale or occupancy permit, on an agreement to refrain from exercising one's constitutional rights, particularly one's right to be free from unreasonable governmental searches.

36. Plaintiff respectfully requests this court for a judicial determination of its rights against Defendant as they pertain to Plaintiff's and the putative class members' rights to be free from unlawful searches and being coerced to surrender their property rights and/or privileges.

37. In order to prevent violation of Plaintiff's and the putative class members' constitutional rights by Defendant, it is appropriate and proper that a declaratory judgment be issued pursuant to 28 USC §2201 and Federal Rule of Civil Procedure (FRCP) 57, declaring unconstitutional, facially and as-applied here, all relevant portions of the City of Euclid, Ohio pre-sale, pre-rental, and pre-renewal inspection requirements, as well as Defendant's enforcement policies, practices, and actions related to the requirements.

38. Furthermore, pursuant to 28 USC §2202 and FRCP 65, it is appropriate and hereby requested that this Court issue preliminary and permanent injunctions prohibiting the Defendant from enforcing its search policies and all policies, practices, and conduct reliant on and related to the pre-sale, pre-rental, and pre-renewal search policies, including but not limited to the pre-sale, pre-rental, and pre-renewal inspection requirements' search fees and permitting processes, to the extent they are unconstitutional, in order to prevent the ongoing violation of Plaintiffs' and the putative class members' constitutional rights.

## COUNT II
**Violation of Due Process and Freedom from Unconstitutional Searches Pursuant to the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution**
**(42 USC §1983)**

39. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

40. At all times relevant, Defendant and its agents were acting under the color of law.

41. The Fourth Amendment states, in relevant part, that the "right of the people to be secure in their persons, *__houses__*, papers, and effects, against unreasonable searches and seizures, shall not be violated" (emphasis added).

42. More specifically, the Fourth Amendment prohibits placing parties in a position where they **must** consent to a warrantless inspection of their property or face potential criminal penalty.

43. Defendant's pre-sale, pre-rental, and pre-renewal inspection requirements are coercive because they do exactly that: they place Plaintiff and the putative class members in a position to either submit to a warrantless inspection or face potential criminal penalty.

44. Defendant's pre-sale, pre-rental, and pre-renewal inspection requirements, as a physical intrusion into a home, is a "search" as contemplated by the Fourth Amendment.

45. This search was unreasonable because Defendant coerced the consent of the Plaintiff by the direct threat of criminal prosecution and penalty.

46. Additionally, the Fifth Amendment states, in relevant part, that "No person shall be deprived of life, liberty, or property, without due process of law."

47. By threatening Plaintiff and the putative class members with criminal prosecution unless they gave up their Fourth Amendment right to be free from unreasonable governmental searches, Defendant has violated Plaintiff and the putative class members' Fifth Amendment Due Process rights.

## COUNT III
**Unjust Enrichment, Disgorgement and Restitution**

48. Plaintiff hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

49. Claims for equitable relief can be held against a state or municipal actor.

50. Unjust enrichment occurs when a benefit is conferred by a plaintiff on a defendant, defendant knows of this benefit, and retains it under circumstances where it would be unjust for defendant to do so.

51. Here, Defendant has charged a fee attendant to a compelled, warrantless unconstitutional search.

52. Defendant unconstitutionally compelled the search of Plaintiff and the putative class members' properties, and, therefore, unjustly compelled Plaintiff and the putative class members to pay this fee.

53. Defendant has obtained and retained this fee under circumstances where it is unjust for it to do so.

54. In fact, in *Baker v. Portsmouth* (and other cases referenced above in ¶21), the Federal Courts in Ohio have found this exact same kind of unlawfully coerced inspection fee to be an unjustly collected and retained fee and required the fee to be refunded to property owners.

55. Plaintiff and the putative class members are similarly entitled to a refund of the unlawful inspection fees.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this case as such;

2. Declare that the City of Euclid's pre-sale, pre-rental, and/or pre-renewal inspection requirement, authorizing warrantless searches without probably cause, is unconstitutional, both facially and as applied to Plaintiff and the putative class members;

3.  Declare that the pre-sale, pre-rental, and pre-renewal inspection scheme is unconstitutional, including but not limited to the financial extraction for inspections and the permit/licensing requirement, violate Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights;

4.  Declare that the existence of the pre-sale, pre-rental, and pre-renewal inspection scheme is an insufficient basis, without more, to obtain a warrant to search a private residential home;

5.  Declare that through the imposition of monetary assessments on Plaintiff and others, precipitated by Defendant's desire to fund the costs of the pre-sale, pre-rental, and pre-renewal inspection requirements, Defendant has been and continues to be unjustly enriched;

6.  Certify the Class that Plaintiff has proposed herein;

7.  Pursuant to 42 U.S.C. §1983 and other applicable law, award Plaintiff its costs and expenses incurred in bringing this action, including reasonable attorneys' fees;

8.  Grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully submitted,

*/s/ Patrick J. Perotti*_____
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391    (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*
       *fbartela@dworkenlaw.com*